IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIM. NO. MJM-22-414 |
| *Plaintiff* | : | SENTENCING: |
| | : | **October 21, 2025 at 10:00 am** |
| Vs | | **Courtroom 5C** |
| | : | |
| | | Hon. Matthew J. Maddox |
| QUANITA HINES | : | |
| *Defendant* | : | |

_____

**DEFENDANT HINES' MEMORANDUM IN
SUPPORT OF SENTENCING**

Defendant, Quanita Hines, by and through counsel, Tony N. Garcia, Esq., and Garcia Law, LLC, respectfully submits this memorandum in support of sentencing, which is scheduled for October 21, 2025. Ms. Hines pleaded guilty to Count 95 of the Second Superseding Indictment, charging her with Sexual Exploitation of Children, 18 U.S.C. §2251(a). Doc. 288. The parties have agreed that, pursuant to the plea agreement, the appropriate disposition in this case is a sentence of 15-years (or 180 months) per Fed. R. Crim. P. 11(c)(1)(C).

The Presentence Investigation Report (PSR), calculated Ms. Hines' adjusted offense level at 43, with a criminal history category if I, resulting in an advisory USSG range of 360 months. Doc. 313. Sexual Exploitation of Children carries a fifteen (15) year mandatory minimum period of incarceration and a maximum sentence of thirty (30) years.

1

Such a substantial sentence would balance the nature and severity of Mr. Hines' counterproductive behavior against her particular need for rehabilitation, course correction, an opportunity to develop work and life skills, and the chance to become a contributing and productive member of society. Mr. Hines is a 29-year old woman, and an excessively prohibitive sentence would all but extinguish any chance of redemption for her. The Court should therefore provide Mr. Hines with something more than prison to look forward to.

I.  **Defendant's Criminal Conduct and Case History**

This case arises out of a scheme to sexually exploit children. Quanita Hines is one of seven defendants named in a 161-Count Second Superseding Indictment charging her with Conspiracy to Commit Sexual Exploitation of Children, 18 U.S.C. § 2251(e), Counts 95-102 with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a), Counts 103-110 with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), and Count 119 with Sex Trafficking of Children, in violation of 18 U.S.C. § 1951(a), (b)(1).

On February 18, 2025, Ms. Hines appeared before the Honorable Matthew J. Maddox, U.S. District Judge in the U.S. District Court located in Baltimore, Maryland and pled guilty to one count of the 161-count Superseding Indictment. Count 95 charged Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a). PSR ¶3.

Pursuant to written plea agreement and Rule 11(c)(1)(C), the Government agreed that a 180-month sentence is the appropriate disposition in the case. Such a recommendation, after acceptance by the Court, is binding. As agreed to by stipulated facts:

> Quanita Saquia Kellie Hines was born in 1995, was twenty-four years old at the time of the offenses and resided in Baltimore, Maryland. Ms. Hines sexually abused her children, Minor Victim 9 (born in June 2014) and Minor Victim 10 (born in

2

August 2018), In November 2019, Ms. Hines produced sexually explicit videos of Minor Victim 9, who was 5 years old, and Minor Victim 10, who was 1 years old, and distributed the video files to co-defendant Eugene Edward Golden. Golden, then thirty-five years old and a resident of Baltimore, Maryland, requested the videos from the Defendant in exchange for financial compensation. The Defendant agreed and did in fact produce and send the videos of Minor Victim 9 and Minor Victim 10 to Golden using her cell phone. Golden received the videos and saved them to his Google account where they were later found pursuant to a search warrant. Four videos were produced and then distributed by the Defendant to Golden during the spring of 2022. Golden used the monikers "Prince" or "Mr. Prince" when soliciting these videos. The video files were found in Golden's Google account "darksideofprince" pursuant to a search warrant in the fall of 2022.

II. **Ms. Hines' Acceptance of Responsibility**

Ms. Hines appeared before the Honorable Matthew J. Maddox, U.S. District Judge, for the District of Maryland, on February 18, 2025, and pled guilty to count 95 of the second superseding indictment. Mr. Hines did so in a thoughtful and forthright manner, and, as the PSR notes, timely demonstrated acceptance of responsibility for the offense. PSR ¶23. She has therefore clearly demonstrated acceptance of responsibility.

III. **Ms. Hines' Youth, Early Adulthood, and Current Condition**

Quanita Hines was born on April 27, 1995, in Baltimore, Maryland to the romantic union of Shawn Hines (age unknown) and Tilisa Barnett (deceased in 2019). PSR ¶121. She is one of three children born to Mr. Hines and Ms. Barnett, her two siblings are Shawn Hines (age 34) who resides in Baltimore, Maryland and is a CEO of a medical supply company, and Kayshun Hines (deceased in 2018). Ms. Hines has 3 maternal sisters: Saquia Monk (age 36) who resides in Baltimore, Maryland; Tilisa Monk (age 35) who resides in Baltimore, Maryland and is employed as a nurse; and Tyjahe Singletary (age 28) who resides in Canada and is working as a civilian with the military.

3

Ms. Hines's two maternal brothers have both passed away, Thelonious "Bobby" Monk and Charles Harris.

Ms. Hines grew-up in the primary custody of her mother with her siblings. Her father was rarely around and she never had a relationship with him. Ms. Hines grew up in a dysfunctional family and often would reside with other family members when her mother was unfortunately arrested.

When Ms. Hines was approximately 2 or 3 years-old, she was staying with her grandmother at her residence located in Baltimore City when she was kidnapped. She indicated her mother's best friend's cousin, Belinda came to her grandmother's house and took her off of the front porch and began presenting her as her own child. Ms. Hines recalls Belinda beating her hands and feet so badly that she did not want to move or try to get away. After police got involved, Ms. Hines was safely returned home.

### IV. The §3553(a) Factors Support a Sentence of Not More 120 Months

Section 3553(a) of Title 18, directs the District Court to consider certain factors in determining Ms. Hines' sentence. *See United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). Consideration of these factors supports a finding that a sentence of 180 months is appropriate in this case. In imposing sentence, the Guidelines are the "starting point and the initial benchmark. The Guidelines are not the only consideration, however." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court must also consider the factors set forth in 18 USC §3553(a) "to determine whether they support the sentence requested by a party.

In so doing, [the Court] may not presume that the Guidelines range is reasonable," and must make "an individualized assessment based on the facts presented. *Id*. at 49-50 (internal citations

omitted). The Court must also consider whether a variance is warranted in order to comply with the Guideline's mandate that the sentence be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in §3553(a)(2). *See United States v. Zuk,* 874 F.3d 398, 408-09 (4th Cir. 2017).

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). After an individualized assessment of the case, the court must therefore determine whether to apply any (1) departures from the guidelines or (2) variances pursuant 18 U.S.C. § 3553(a). Post-*Booker*, this Court has "greater latitude" to sentence outside the guideline range and may conclude that a lower sentence would still comply with and serve the mandates of section 3553(a). *See United States v. Philson,* 226 Fed. Appx. 259, 260-61 (4th Cir. 2007). Indeed, all of the sentencing guidelines "are advisory." *Kimbrough v. United States,* 552 U.S. 85 (2007).

(a) "The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant" (18 U.S.C.§3553(a)(1)) – The discussion above and below provides ample evidence of the "characteristics" of Ms. Hines, and the "nature and circumstances" of the offense. Further, Ms. Hines is 29-year old woman, and a protracted period of incarceration would prove counter-productive to his rehabilitation. As the evidence suggests, "the certainty of punishment, as opposed to the *severity* of punishment, are more likely to produce deterrent benefits." Valerie Wright, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, The Sentencing

Project, at 1 (Nov. 2010). Below, are arguments in support of mitigation and consistent with a sentence of not more than 120 months:

### YOUTH AT THE TIME OF THE OFFENSE

A defendant's youth at the time of the offense is an appropriate consideration in fashioning sentence. *See United States v. Sparks*, 941 F.3d 748, 755 (5th Cir. 2019) (noting that under §3553(a)(5) and USSG §5H1.1, a court may consider a "defendant's age, 'including youth,'" when imposing sentence). Indeed, courts have concluded that more severe sentences are appropriate only in cases where a youthful defendant is deemed "permanently incorrigible and incapable of rehabilitation." *See United States v. Lara*, 658 F. Supp. 3d 22, 31 n.12 (D.R.I. 2023).

It cannot be disputed that Ms. Hines is charged with a very serious offense; one that requires deliberate correction. But her age at the time of the offense (24-years old) should be given great weight. Age, like any other personal characteristic of the defendant, is a permissible "mitigating factor" for the court to consider when imposing a sentence that is "sufficient, but not greater than necessary" to achieve the desired goals of sentencing. *See Gall v. United States*; 169 L. Ed 2d 445, 461-62 (2007); *see also* 18 U.S.C. §3553(a). Moreover, the Supreme Court reaffirmed the principle that "incorrigibility is inconsistent with youth." *Miller v. Alabama*, 132 S. Ct. 2455, 2465 (2012) (citation and quotations omitted). In other words, "[i]mmaturity at the time of the offense is not an inconsequential consideration." *Gall*, 169 L. Ed 2d at 462.

Like the defendant in *Gall*, and more so here, Quanita was at an impressionable young age at the time of the offense in 2019. She was only 24-years old, with no direction, and left to the uncertainty of the streets, in desperate need of money to feed her children. Her lack of maturity and

an undeveloped sense of responsibility was a driving force in her then "impetuous and ill-considered actions." *Id.*

The early influences of Darien's life, including drugs, crime, and the loss of life and murders to his immediate family members, made him particularly vulnerable to negative influences. *Cf. Eddings v. Oklahoma*, 455 U.S. 104, 115 (1982) ("Youth is more than a chronological fact. It is a time and condition of life when a person may be most susceptible to influence and psychological damage"); *Gall*, at 462 ("Recent studies on the development of the human brain conclude that human brain development may not become complete until the age of twenty-five"); *see also United States v. Cruz*, 2021 U.S. Dist. LEXIS 68857, at *7 (D. Conn. Apr. 9, 2021) (youthful offenders are less "blameworthy" for their crimes because of their age).

In short, "sentencing courts should generally impose lesser sentences on adolescent offenders than on similarly situated adult offenders." *United States v. Ramsay*, 538 F. Supp. 3d 407, 423 (S.D.N.Y. 2021).

(2) "The Need for the Sentence Imposed (A) to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense, (B) to Afford Adequate Deterrence to Criminal Conduct; (C) to Protect the Public from further Crimes by the defendant; and (D) to Provide the defendant with the needed Educational or Vocational training, Medical care, or other Correctional Treatment in a more Effective manner." (18 U.S.C.§3553(a)(2)) – The Court must impose a sentence that is "sufficient, but not greater than necessary," to achieve the goals of sentencing. §3553(a); *Kimbrough v. United States*, 552 U.S. at 101.

As noted above, Ms. Hines is a 29-year old woman and anything more than a **180-month** sentence would not serve the goals of sentencing. A 180-month sentence is long enough to effect corrective change in Ms. Hines' conduct and to ensure that she takes advantage of self-help programs

and other rehabilitative programs offered by the BOP. Quanita is not incorrigible and has a chance to become a productive member of society. She respectfully asks that her chance at redemption is not extinguished by the hardships of protracted prison life. *Cf. United States v. Blake*, 89 F. Supp. 2d 328, 344 (E.D.N.Y. 2000) ("Instead of reforming its inmates, too often a prison converts them into 'hardened enem[ies] of society'") (quoting H.L.A. Hart, *Punishment and Responsibility* 25–27 (1968)).

The *Blake* Court surmised that, "[i]t has become increasingly clear that utilization of non-incarcerative sentences needs to be increased." 89 F. Supp. 2d at 346. We thus ask that the Court take the approach that less is more with regard to Ms. Hines' sentence.

(3) "[T]he Kinds of Sentences Available" (18 U.S.C.§3553(a)(3)) – Although the court may impose a sentence at or near the high end of the applicable guidelines range, the guidelines also contemplate that a sentence at the low end of the spectrum may be sufficient to serve the goals of sentencing. *See United States v. Scott*, 426 F.3d 1324, 1328 (11th Cir. 2005) (affirming sentence imposed at the low end of the guidelines range based upon §3553 factors). A sentence of 180 months is thus appropriate.

## CONCLUSION

Actions have consequences. But some actions require more of a helping hand than a long stick. This is such a case. For all the foregoing reasons, Mr. Hines respectfully asks that the Court impose a sentence of not more than **180 months** in this case.

Respectfully submitted,

_____/s/_____
Tony N. Garcia, Esq.
**GARCIA LAW, LLC**
7 Saint Paul Street, Suite 1100
Baltimore, MD 21202
Phone: (410) 814-4600
tony@tngarcialaw.com

*Counsel for the Defendant*

CERTIFICATE OF SERVICE

I hereby CERTIFY that on this 18th day of October, 2025, a copy of the foregoing Sentencing Memorandum was filed using the CM/ECF filing system and all interested parties have been served.

_____/s/_____
**TONY N. GARCIA, ESQ.**